WALTER J. ROTHSCHILD, Judge.
_JjThe Jefferson Parish Council is appealing from the trial court’s ruling granting a preliminary injunction in favor of Yur-Mar, LLC. For the reasons stated herein, the trial court’s judgment as well as the preliminary injunction preventing enforcement of Resolution No. 115740 are hereby vacated.
On December 15, 2010, Yur-Mar, LLC filed the instant Petition for Judicial Review, Temporary Restraining Order and/or for a Preliminary Injunction naming as defendant the Jefferson Parish Council. Plaintiff alleged that it owned a business in Jefferson Parish operating under the name “City Bar” and that it held a permit to sell alcoholic beverages at this location. Plaintiff further alleged that on September 4, 2010, an investigation by state and parish officials resulted in misdemeanor summons for the sale of alcohol to adults under the age of twenty-one years. As set forth by parish ordinance, The Jefferson Parish Alcoholic Beverage Review Committee conducted a hearing on these charges, and recommended a Resolution to the Council that plaintiffs alcohol permit be suspended for a period of two weeks, but that enforcement of the suspension would be suspended as long as the policy of the bar to *1139 only admit patrons over the age of twenty-one remain in effect for one year after the date of the Resolution. At its | <¡meeting on December 8, 2010, the Jefferson Parish Council unanimously adopted Resolution No. 115740, which provided for suspension of plaintiffs 2010 alcohol permit for a period of two weeks beginning ten days from the council’s action.
Yur-Mar then filed this summary proceeding seeking injunctive relief, asserting that the Council’s action was unlawful and in violation of parish ordinances and state statutes. Yur-Mar alleged that it would sustain irreparable harm if the suspension of the permit was not temporarily stayed, and sought a temporary restraining order against the Council preventing it from enforcing Resolution No. 115740. Plaintiff also sought a hearing on a preliminary injunction, and after trial on the merits, a rescission of the Council’s Resolution No. 115740.
On December 16, 2010, the trial court issued a temporary restraining order prohibiting the Jefferson Parish Council from suspending the alcohol beverage sales permit held by Yur-Mar, LLC.[1] A hearing on the preliminary injunction was set for December 28, 2010. The Jefferson Parish Council filed a Motion to Dissolve the TRO, which was opposed by Yur-Mar, and this matter was also set for hearing on December 28, 2010. The Jefferson Parish Council also filed an exception of unauthorized use of summary proceeding and an answer to plaintiffs petition. The record does not contain a ruling on the Parish’s dilatory exception.
Hearing on the preliminary injunction was held on December 28, 2010. By judgment rendered the following day, the trial court granted a preliminary injunction in favor of Yur-Mar and against the Jefferson Parish Council, ordering that “the plaintiff shall be allowed to continuing [sic] operating Yur-Mar, LLC, while ensuring that each customer must be 21 years of age to enter.” The trial court also denied the Council’s motion to dissolve the TRO.
|4On January 12, 2011, the Jefferson Parish Council filed this timely devolutive appeal from the judgment on the basis that the district court had no basis for the entry of a preliminary injunction in this case. The Parish Council contends that the adoption of the Resolution imposing the sanction was lawfully executed and that plaintiff failed to prove its entitlement to injunctive relief. We agree.
Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a prima facie showing that the party will prevail on the merits of the case. H20 Hair, Inc. v. Marquette, 06-930 (La.App. 5 Cir. 5/15/07), 960 So.2d 250, 259, citing Jurisich v. Jenkins, 97-1870 (La.App. 1 Cir. 9/25/98), 722 So.2d 1008, 1011, reversed on other grounds, 99-0076 (La.10/19/99), 749 So.2d 597. See also, USI Ins. Services, LLC v. Tappel, 09-149 (La.App. 5 Cir. 11/10/09), 28 So.3d 419, 424, writ denied, 09-2697 (La.2/26/10), 28 So.3d 271. The principal demand is determined on its merits only after a full trial under ordinary process, even though the hearing on the summary proceedings to obtain the preliminary injunction may touch upon or tentatively decide merit issues. Smith v. West Virginia Oil & Gas Co., 373 So.2d 488, 494 (La.1979). Further, the prima facie right to a permanent injunction must be proved before a preliminary injunction may issue. Equitable Pe- *1140 troleum Corp. v. Central Transmission, Inc., 431 So.2d 1084 (La.App. 2 Cir.1983). Irreparable injury means the petitioner cannot be adequately compensated in money damages or suffers injuries which cannot be measured by pecuniary standards. Camp, Dresser McKee, Inc. v. Steimle and Associates, Inc., 94-547 (La.App. 5 Cir. 2/15/95), 652 So.2d 44, 47.
[f¡A trial court’s issuance of a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. H20 Hair, Inc. v. Marquette, supra, 960 So.2d at 259.
In its petition seeking injunctive relief, Yur-Mar alleged that the Council erred in suspending its alcohol permit without taking additional evidence or providing notice. Plaintiff alleges that because the council action was in violation of law, the requirement of demonstrating irreparable harm is unnecessary. Plaintiff nevertheless alleges that without injunctive relief, plaintiff will suffer irreparable harm in terms of lost business that will likely result in the complete failure of its enterprise.
To resolve the propriety of the injunction in this case, we must first determine whether the council action was in violation of law as alleged by plaintiff.
Government regulation of the sale of alcoholic beverages is derived from La. R.S. 26:493, which provides as follows:
Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits.
In the Parish of Jefferson, the regulations governing the business of dealing in alcoholic beverages are contained in the Jefferson Parish Code of Ordinances, | fiPart II, Chapter 4. Article II of that Chapter governs required dealer permits and Section 4-16 provides that those engaged in the business of dealing in alcoholic beverages in the parish shall obtain a permit to conduct the business.
Sec. 4-32 of the Chapter provides in part:
No holder of a retail dealer’s permit issued under the provisions of this chapter, or any servant, agent or employee of the permittee, shall do any of the following upon the licensed premises:
(1) Sell or serve alcoholic beverages as described in this chapter to a person under the age of twenty-one (21) years;
The Code further provides that violations of any of the provisions of this Chapter are sufficient cause for suspension or revocation of any permit required by this article. Sec. 4-33. The procedures for suspension and revocation of permits are contained in Sec. 4-34 and provide in pertinent part:
Upon violation of any offense enumerated in Chapter 4, Article II, a hearing may be had as follows:
(1) Committee. There is hereby created a committee to be known as the alcohol beverage permit review committee; ... The committee shall have the authority to conduct all public hearings, as provided in this *1141 article, regarding the suspension or revocation of alcoholic beverage permits ...
(2) Initiating Procedure; hearing required. Within sixty (60) days of notice of a violation enumerated in Chapter 4, Article II, a hearing may be held before the alcoholic beverage permit review committee or the parish council ... Such hearing shall be noticed by the committee ... a hearing shall be held in accordance with the provisions of this article to determine whether the permit of the person charged shall be suspended or revoked or ...
(3) Notice. A notice or summons shall be served upon the holder of the permit stating the time and place of the hearing, which shall not be less than forty-eight (48) hours from the date and time such notice is given....
(4) Hearings. Hearings required by this article may be conducted by the alcoholic beverage permit review committee or by the parish council....
(5) Conduct of Hearing. Whenever a hearing is conducted pursuant to this article, opportunity shall be afforded all parties to respond and present evidence on all issues of fact involved and argument on all issues of law and policy involved and to conduct such direct examination and cross-examination of witnesses; ... When a hearing is referred to the alcoholic beverage permit review committee, it shall hear all testimony and arguments, receive all the evidence and briefs and compile same into 17record, which record shall then be certified by the chairman of said committee. The committee shall submit the certified record to the parish council with the committee’s recommendation as to whether the permit of the person charged shall be suspended or revoked ...
(6)Council Action. If the hearing is conducted by the committee, the council shall not be required to conduct another hearing during its deliberation, unless a majority of the council votes to do so; however, nothing herein shall prohibit a permit holder from submitting written objections regarding any alleged errors in the record prior to the council considering the permit revocation or suspension. No permit shall be suspended or revoked, ... however, except by a majority vote of the parish council. No rehearing shall be granted after judgment of the parish council had been had.
The record in this case contains a copy of the certified record of the Alcoholic Beverage Permit Review Committee hearing which was conducted on October 29, 2010. The record also contains a copy of the police narrative for the incident at City Bar which occurred on September 4, 2010 as well as a copy of the Jefferson Parish Sheriffs Office (JPSO) crime report for the incident.
During the committee hearing, the committee heard the testimony of law enforcement officials who participated in an investigation of complaints regarding underage drinking at the City Bar on September 4, 2010. The testimony included that of Agents Tim Morphis and Melissa Peri of the Louisiana Office of Alcohol and Tobacco Control who stated that they participated in an investigation of City Bar on September 4, 2010. In conjunction with this investigation, the agents went to City Bar with a 19 year old operative and observed her purchase alcoholic beverages from four of the bartenders working that evening. The Jefferson Parish Sheriffs Office was *1142 called into the establishment and Agent Morphis testified that the bartenders received citations for selling alcohol to a person under 21 years of age. Two JPSO officers further testified that they had received complaints of underage drinking at the City Bar, and they participated in the investigation of the establishment and issued citations as a result.
| sYur-Mar presented the testimony of its owner Anthony Marullo, who stated that the business trains its employees not to sell alcohol to anyone less than 21 years of age. He stated that this was the first time he had been cited for serving alcohol to underage persons. He testified that on the day following this incident he decided that the bar would no longer permit patrons under the age of 21 to enter the bar. Yur-Mar also submitted testimony of bar employees working on the night in question who stated that they generally do not sell alcohol to persons under the age of 21 and that they did not recall doing so on that particular night.
Following the hearing, the Chairman stated as follows:
The Committee is back in session. We decided in camera, and with a majority vote to recommend a suspension of the permit of this establishment for two weeks, but they further recommend that suspension be, itself, suspended as long as the policy at the bar to only admit persons over the age of twenty-one continues in effect for at least a year.
This is a recommendation only, obviously. Obviously this [is] an advisory panel, as I stated earlier, and this is going to be our recommendation to the Council for their action.
By letter dated December 3, 2010 to counsel for Yur-Mar, a copy of a Resolution proposed by the committee was sent to plaintiff with a notification that the matter would be considered by the Jefferson Parish Council at its meeting on December 8, 2010. At the December 8, 2010 meeting of the Jefferson Parish Council, Resolution 115740 was unanimously adopted by the Council suspending Yur-Mar’s 2010 alcoholic beverage permit for a period of two weeks effective ten days from the date of the adoption.
By this action, Yur-Mar contends that the Parish Council failed to comply with the requirements of parish ordinances pri- or to enacting the suspension of the | apermit. Specifically, plaintiff contends that the Parish Council failed to comply with the notice requirements set forth in the applicable ordinances.
There is no dispute that the required notice to Yur-Mar was provided prior to the committee hearing and the hearing was continued at least once on motion of plaintiff. Further, the ordinances specifically provide that if the committee conducts a hearing, the Council is not required to hold an additional hearing prior to its action. The record shows that by letter dated December 3, 2010, plaintiff was notified of the Council’s intent to consider the Committee’s recommendation, and although the ordinances permitted plaintiff to file written objections regarding errors in the record prior to consideration by the Council, plaintiff failed to do so. Under these circumstances, we find no merit in plaintiffs argument regarding lack of notice.
Further, although plaintiff contends the Council had no authority to deviate from the committee’s recommended resolution without further notice and an opportunity to be heard, we find no support for this argument. Pursuant to the parish ordinances, the committee is authorized to conduct hearings regarding the suspension of an alcoholic beverage permit and to make a recommendation of action to the Council. However, the Council by majority vote has *1143 the authority to act on allegations of violations of the ordinances, and the ordinances do not provide that the recommendation of the committee is binding on the Council.
In addition, according to Part I, Article II of the Jefferson Parish Ordinances, the Parish is the appropriate body to adopt ordinances and resolutions. Section 2.01 provides in part:
The Parish Council shall be the legislative and policy making body of the parish and shall have authority, except as otherwise provided by this Charter, by the Constitution of this State, and specifically by Article XIV, Section 3(c) of the Constitution of 1921 and Article |inVI, of the Constitution of 1974, pertaining to the powers of the Sheriff, the Tax Assessor, the Clerk of the District Court, the School Board, and the incorporated municipalities of the parish, to exercise all powers of the parish, and to adopt such ordinances and resolutions as may be proper in the exercise thereof.
A review of the record in this case indicates that the Parish Council was within its authority as a legislative body to enact Resolution 115740 pertaining to a violation of an alcohol beverage permit regulated by the Parish. The record indicates that the matter was properly noticed and heard, and that the Council was not bound by the recommendation of the committee. Further, the record shows that based on the hearing conducted by the committee established for that purpose, the Council had grounds to impose an appropriate sanction on Yur-Mar for its violation of the ordinances pertaining to alcoholic beverage outlets. We therefore find that the Council’s action in enacting Resolution 115740 was not in violation of the law.
Based on our finding that the legislative action in this case regulating the sale of alcoholic beverages did not exceed the bounds of power delegated by the state legislature, we find that the action is not subject to injunction by way of summary proceeding. There was no evidence presented that the action of the parish body violates a law which expressly prohibits the adoption of the Resolution. Courts should not ordinarily interfere with the exercise of the legislative function and we find no proof in these summary proceedings that the Council action was arbitrary or capricious or made in bad faith. Without evidence sufficient to make a prima facie showing that Yur-Mar could prevail on the merits that the Council action was unlawful, we find Yur-Mar has not met the necessary burden for issuance of a preliminary injunction prohibiting the legislative action.
|„We also find insufficient evidence that the adoption or enforcement of the Resolution imparts immediate irreparable damage on plaintiff. Money damages can certainly compensate Yur-Mar for the loss of business associated with the suspension of its alcoholic beverage permit.
We therefore conclude that the trial court abused its discretion in issuing a preliminary injunction in this case. The injunction preventing enforcement of Council Resolution 115740 is hereby vacated. We also vacate the trial court judgment holding that Yur-Mar can continue to operate while ensuring customers are 21 years of age to enter. Yur-Mar, LLC shall bear all costs of this appeal.

JUDGMENT AND PRELIMINARY INJUNCTION VACATED

. After the issuance of the TRO, the trial judge recused herself stating she had interest rn the cause and the matter was realloted.