SUSAN M. CHEHARDY, Chief Judge.
|2In this case, defendant, One Construction, LLC, appeals from the district court’s rulings granting a preliminary injunction in favor of plaintiff, Ryan Gootee General Contractors, LLC, and overruling One Construction’s exceptions of improper venue, lack of subject matter jurisdiction, and non-joinder. For the reasons that follow,1 we affirm these rulings of the district court.
FACTS AND PROCEDURAL HISTORY
In the fall of 2014, the Plaquemines Parish School Board (“the School Board”) solicited bids for the construction of a pub-.lie. works, project, the .South Plaquemines, High School Recreational Field House and Restroom-Concession Buildings. The advertisement for bids was first published on September 23, 2014, followed by advertisements on September 30 and October 7, 2014. Four sealed bids were received, two of which were submitted by Gootee and One Construction. On October 23, 2014, the bids were unsealed. One Construction was the lowest bidder at $2,597,000.00; and Gootee was the second lowest bidder at 1¾$2,994,000.00. On November 10, 2014, the School Board voted to award the contract to One Construction. The contract was executed on November 17,2014. ■
On that same date, Gootee filed a “Petition for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Mandamus, and Declaratory Judgment,” seeking to enjoin One Construction and the School Board from executing the contract or proceeding with any work thereunder. Gootee alleged that One Construction’s bid was defective for failing to comply with La. R.S. 38:2212(B)(5)[1] and the bidding instructions promulgated by the School Board...
On November 19, 2014, the district court granted Gootee a temporary restraining order and set a hearing for December 9, 2014, ordering One Construction and the School Board to show cause why the preliminary injunction should not be granted.
On December 2, 2014, the School Board filed exceptions , of prescription, no right of action, no cause of action, improper venue, and improper cumulation. One Construction filed a “Memorandum, in Opposition to Plaintiffs Motion .and/or Claims for In-junctive Relief.” On December 18, 2014, the district court sustained the School Board’s exception of improper venue, transferring the matter, as to the School Board, to Plaquemines Parish. All other matters remained in the Twenty-Fourth Judicial District Court.
On December 22, 2014, One Construction filed exceptions of improper venue, lack of .subject matter jurisdiction, and non-joinder. On December 30, 2014, the district court overruled these three exceptions.
On January 6, 2015, following several continuances, the court held the hearing on the preliminary injunction. At the outset *592 of the hearing, the parties | ¿stipulated, and the court approved, that the court’s decision on the preliminary injunction would be made permanent and a final judgment. Following argument,' the court granted the preliminary injunction, which was made permanent, and issued its written judgment on January 23, 2015. This appeal timely followed.
ISSUES ON APPEAL
On appeal, One Construction submits seven assignments of error: (1) the district court erred in overruling its exception of improper venue; (2) the district court erred in finding that One Construction had waived its exception of improper venue; (3) the district court erred in overruling its exception of lack of subject matter jurisdiction; (4) the district court erred in overruling its exception of nonjoinder; (5) the district court erred in granting the preliminary injunction; (6) the district court erred in finding One Construction was not the lowest responsible and responsive' bidder; (7) the district court erred in finding One Construction’s bid was non-compliant with the public bid law.
DISCUSSION[2]

Declinatory Exception of Improper Venue

The exception of improper venue is a question of law and is reviewed on a de novo basis. See Seghers v. LaPlace Equip. Co., 13-350 (La.App. 5 Cir. 2/12/14), 136 So.3d 64, 69.
Below, the district court did not reach the merits of the venue issue, finding that One Construction had waived its exception of venue. On December 2, 2014, the date the School Board filed its exceptions, One Construction instead filed an opposition contesting the merits of Gootee’s suit. And on December 17 and 18, One Construction’s attorney of record appeared at the hearings on the School Board’s exceptions and presented argument regarding venue and joinder of the ^School Board. Thereafter, One Construction filed its own exceptions on December 22. The court heard these exceptions on December 30 and found that One Construction waived its exception of venue when it made a “general appearance” “by the filing of memos opposing the relief sought by Goo-tee.”
On appeal, One Construction first claims that the issue of waiver is not before this Court. . One Construction points out that the distinct court’s written judgment of January 23, 2015 does not state that its exception of venue was “waived,” but rather states that the exception was “denied.” Because appellate courts review judgments and not reasons for judgment, One Construction submits that only the court’s written judgment “denying” the exception, not its oral reasons “waiving” the exception, is at issue on appeal. In the alternative, Ohe Construction submits that it did not waive its exception of venue.'
We recognize the well-settled rule that a trial court’s oral or written reasons for judgment form no part of the judgment, and that appellate courts review judgments, not reasons for judgment. Wooley v. Lucksinger, 09-571 (La.4/1/11), 61 So.3d 507, 572. Indeed, judgments are often upheld on appeal for reasons different than those assigned by the lower court. Id. Nevertheless, a court of appeal may use the lower court’s reasons “to gain insight” into the court’s judgment. Id. In this case, we uphold the district court’s judgment for the same reason orally as *593 signed by the court below: One Construction waived its exception of venue.
Up until 1997, a party’s “general appearance” prior to pleading the declinatory exception of improper venue was sufficient to waive the exception. See Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743, 745 (La.App. 1 Cir.1977) (“A declinatory exception of improper venue is waived unless pleaded before filing an answer or making a general appearance.”). In | fi1997, waiver through “general appearance” was eliminated altogether from Louisiana law.[3] Dazet Mortg. Solutions LLC v. Faia, 12-486 (La.App. 5 Cir. 4/10/13), 116 So.3d 711, 715. Consequently, insofar as the district court found the filing of One Construction’s opposition constituted a “general appearance,” the court erred. As the following demonstrates, however, we find the court did not err in concluding that One Construction waived its exception of venue.
Waiver of the exception of venue is gov--erned by La. C.C.P. arts. 44 and 928. La. C.C.P. art. 44 provides: “Except as otherwise provided in this article or by other law, any objection to the venue, including one based on any article in this Chapter, is waived by the failure of the defendant to plead the declinatory exception timely as provided in Article 928.”
La. C.C.P. art. 928 provides in pertinent part:
The declinatory exception and the dilatory exception shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, and in any event, prior to the confirmation of a default judgment.
One Construction failed to plead its venue exception prior to or in its opposition to Gootee’s petition. Therefore, if One Construction’s opposition constitutes an “answer” or- “any pleading seeking relief,” this failure resulted in the waiver of the exception of venue.
The substantive purpose of an answer is to respond to the allegations of a petition. Citadel Builders, L.L.G. v. Dirt Worx of La., L.L.C., 14-495 (La.App. 5 Cir.2014), 165 So.3d 117, 121, writ granted, reversed on other grounds, 14-2700 (La.5/1/15), 165 So.3d 908. La. C.C.P. art. 1003 specifies the form of an answer:
The answer shall comply with Articles 853, 854, and 863 and, whenever applicable, with Articles 855 through 861. It shall admit or deny the allegations of the petition as required by Article 1004, state in short and concise terms the material facts upon which the defenses to the action asserted are based, and shall set forth all affirmative defenses as required by Article 1005. It shall also contain a prayer for the relief sought. Relief may be prayed for in the alternative.
*594 Beyond these requirements, “technical forms of pleading” are not required and “[e]very pleading shall be construed as to do substantial justice.” La. C.C.P. arts. 854 and ,865. The, Louisiana Supreme Court has explained:
Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. Articles of the Code of Civil Procedure are to be construed liberally and with due regard for the fact that forms of procedure implement the substantive, law and are not an end in themselves.... “Pleading is the ‘handmaid rather than the mistress’ of justice.”
Teachers’ Retirement System v. Louisiana State Employees’ Retirement System, 456 So.2d 594, 596 (La.1984).
In determining whether a. pleading constitutes an answer, , “a court should consider, based on the totality of the circumstances surrounding the pleading, whether the substance of the document ... is an answer.” Citadel Builders, 165 So.3d at 121-22. “While compliance with the requirements of the Code of Civil Procedure is highly indicative that a document is an answer, it is not necessarily decisive.” Mat 122.
In Citadel Builders, this Court found a three-sentence letter constituted an answer for purposes of a default judgment. In its entirety, the letter stated:
I’m writing in response to your petition for damages as outlined in case 725-313 Citadel Builders. Dirt Worx of Louisiana, LLC denies all claims mentioned. If you have any supporting documents to your claim, please forward them to our office for review.
Citadel Builders at 120.
| sIn our analysis, we noted that the letter failed to contain a caption, a designation of the pleading, or numbered paragraphs as required by La. C.C.P. arts. 853 and 854. Yet, the letter identified the case number, division of court, and the parties involved; and the letter contained a general denial of all claims in .the petition. Mindful to focus on substance instead of technicalities, we concluded that the letter, despite its technical deficiencies, sufficiently responded to the allegations of the petition so as to constitute an answer. Citadel Builders at 122.
' In the instant case, the first page of One Construction’s eight-page opposition includes a caption containing the name of the court, the title and number of the action, and’ a designation of the pleading as required by La. C.C.P. art. 853. The opposition is not organized by numbered paragraphs as required by La. C.C.P. art. 854. Instead, it- contains an introductory paragraph prefaced by “May It Please the Court” and is then organized into sections of “Procedural Background,” “Statement of Facts,” “Law and Argument,” and “Conclusion.”
In the introductory paragraph, One Construction states that it “opposes the relief sought by [Gootee]” and submits that Goo-tee’s request for injunctive relief “should therefore be denied.” After its recitation of the relevant procedural and factual history, One Construction, utilizing facts, statutory, law, and jurisprudence, asserts the following legal conclusions: “[PJlaintiff Is Not Entitled To Injunctivp Relief,” “[Defendant’s] Bid Was Not Irregular And Was Responsive And Valid,” and “The Awarding of the Contract Was And Is Not a ‘Waiver’ of Any Bid Requirement or Law.”
The first of these assertions directly responds to and opposes the allegation contained in Paragraph 19 of Gootee’s petition:
*595 Goo.tee “is entitled to appropriate injunc-tive relief to enjoin and prevent One Construction and the School Board from taking any action in furtherance of the award of the contract for the Project....”
|BThe second assertion directly responds to and opposes the allegation contained in Paragraph 5 of Gootee’s petition:
One Construction “submitted an irregular bid in violation of the mandatory bid instructions and in contravention of the Louisiana Public Bid Law....”
And the third assertion directly responds to and opposes Gootee’s allegations contained in Paragraphs 8 through 14, in which Gootee submitted that the award of the contract to One Construction despite the bid’s non-compliance with the legal requirements constituted a prohibited waiver of those requirements.
Under the totality of the circumstances, and mindful to, focus on the substance of the pleading, we find One Construction’s opposition, which specifically responds to and opposes Gootee’s allegations, achieves the substantive purpose of an answer. Because One Construction failed to plead the declinatory exception of improper venue prior to or in this answer, the exception was waived. The district court did not err in concluding that One Construction waived its exception of venue.' This argument is without merit.

Declinatory Exception of Lack of Subject Matter Jurisdiction

The exception of lack of subject matter jurisdiction is a question of law and is reviewed on a dé novo basis. See Rhyne v. OMNI Energy Servs. Corp., 14-711 (La.App. 8 Cir. 12/10/14), 155 So.3d 155, 159, writ not considered, 15-76 (La.3/27/15), 161 So.3d 649.
Below, the district court did not reach the merits of subject matter .jurisdiction, apparently finding that defendant waived this exception. At the hearing on December 30,-2014, the court stated: “By filing of memos opposing the relief sought by Goo-tee, a general appearance was made which, as a result, waives any venue issue. ... So, for those- reasons, the exception of improper venue and lack of jurisdiction is denied.” : -
|inSubject matter jurisdiction cannot be waived or conferred by the consent of the parties. Amin v. Bakhaty, 01-1967 (La.10/16/01), 798 So.2d- 75, 80; La. C.C.P. art. 925(C). Therefore, to the extent the district court overruled One Construction’s exception -of lack of subject' matter jurisdiction on the basis of waiver, the court erred., Nevertheless, we. conclude that this exception was properly, overruled.
On appeal, One Construction argues that the district court lacked subject matter jurisdiction due to non-compliance with La. C.C.P. art.' 1880, which provides in pertinent'part: “When' declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.” One Construction relies on the Louisiana Fourth Circuit’s holding that “a party’s failure to join an indispensable party to a declaratory judgment action deprives the trial court of subject-matter jurisdiction over-that action.” Hernandez v. State ex rel. Dept. of Transp. And Dev., 02-162 (La.App. 4 Cir. 10/16/02), 841 So.2d 808, 818, writs denied, 03-307, 03-261 (La.4/25/03), 842 So.2d 399. One Construction contends that because the School Board is an indispensable party that “has not and cannot be joined herein,” the district court lacks subject matter jurisdiction.
*596 Hernandez is distinguishable from the present case. Hernandez concerned “the improper use of an absolutely null Declaratory Judgment that was issued in the absence of an indispensable party because the party that sought the Declaratory Judgment intentionally failed to join that indispensable party” Hernandez, 841 So.2d at 819 (Emphasis added). By contrast, in the instant case, the School Board was joined when it was named as a defendant in Gootee’s petition and served with process. See Morris v. Succession of Williams, 93-969 (La.App. 3 Cir. 3/2/94), 634 So.2d 1266, 1268 (“A party is ‘joined’ when that party is named in the petition and. served with process.”). This argument is without merit.
In any case, the district court was vested with subject matter jurisdiction of Gootee’s action. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. Subject matter jurisdiction is created by the constitution or legislative enactment. Bakhaty, supra. La. Const. Art. V, § 16(A) provides: “Except as otherwise authorized by this constitution ... a district court shall have original jurisdiction of all civil and criminal matters.” The ' Louisiana Supreme Court 'has held the validity and enforcement of contracts, as well as damage suits, are generally civil matters over which the district courts have original jurisdiction. See Opelousas Trust Auth. v. Cleco Corp., 12-622 (La.12/4/12), 105 So.3d 26, 35. Moreover, the Twenty-Fourth Judicial District Court has been recognized as a court óf general jurisdiction. See Hurricane Fence Co. v. Jensen Metal Prods., 12-956 (La.App. 5 Cir. 5/23/13), 119 So.3d 683, 689.
In the instant case, Gootee’s action is in contract, where Gootee alleged a contract was unenforceable due to the failure to satisfy the legal requirements for the formation of a public contract. Thus, the Twenty-Fourth Judicial District Court was vested with subject matter jurisdiction of this action. We therefore conclude that One Construction’s exception of lack of subject matter jurisdiction was properly overruled.

Peremptory Exception of Non-Joinder

The exception of non-joinder is a question of law and is reviewed on a de novo basis. Below, the district court overruled One Construction’s exception of non-joinder as follows:
112Plaquemines Parish School Board was a party when the original suit was filed. Because they excepted to venue, and One Construction made a general appearance, it’s' no fault of Gootee that Plaquemines Parish School Board is now not a party to the suit; For those reasons, the exception of non-joinder of an indispensable party is denied.
On appeal, One Construction argues that the district court erred in overruling its exception of non-joinder because Gootee failed to join the School Board pursuant to La. C.C.P. art. 641 and that joinder was not feasible pursuant to La. C.C.P. art. 642.
La. C.C.P. arts. 641 and 642 provide the rules whereby adjudications cannot go forward in the absence of certain interested parties. Wellman v. Tufail, 04-656 (La.App. 5 Cir. 12/28/04), 891 So.2d 106, 108.
La. C.C.P. art. 641 provides:
A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be aceorded among those already parties.
*597 (2) He claims an interest relating to the subject matter of the action and is so - situated that the adjudication of the action- in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
La. C.C.P. art. 642 provides:
If a person described in Article 641 cannot be made a party, the court shall determine whether the action should proceed among the parties before it, dr should be dismissed. The factors to be considered by the court include:
(1) To what extent a judgment rendered in the person’s absence might be prejudicial to him or those already present.
(2) The extent to which the prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or by other measures.
11S(3) Whether a judgment rendered in the person’s absence will be adequate.
(4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
One Construction’s argument rests on the notion that a party is “joined” only if that party remains a party to the action through its conclusion. One Construction offers no support for this and the jurisprudence supports the contrary. The Louisiana Third Circuit has expressly held that “a party is ‘joined’ when that party is named in the petition and served with process.” .See Morris, supra. As the Morris court pointed out, this is supported by La. C.C.P. art 646, which provides in pertinent part: “When the failure to join a party is pleaded successfully in or noticed by a trial court, the latter may permit amendment of the petition so as to make him a party....” Id. (Emphasis original).
Similarly, the Louisiana Fourth Circuit has suggested a party is “joined” when named in the petition. In Bennett v. Hughes, 03-1727 (La.App. 4 Cir. 5/26/04), 876. So.2d 862, writ denied, 04-1599 (La.6/30/04), 877 So.2d 122, the defendant in an action for eviction filed several exceptions, including the peremptory exception of non-joinder, arguing that an owner of the property, Ava M. Thomas, was an indispensable party who should have been named as a plaintiff in the eviction action. The district , court overruled the exception; and the Fourth Circuit upheld this ruling on appeal for the sole reason that Ava M. Thomas had been included in the caption of the original petition. See Bennett, 876 So.2d at 865, n. 4.
■ In the instant case, the School Board is included in the caption and is -named as a defendant in Paragraph 1 of Gootee’s petition. The record also reflects that the School Board was served with process. Accordingly, the School Board was | ^joined. The district court did not err in overruling One Construction’s exception of non-joinder. This argument is without merit.

Preliminary Injunction

One Construction further argues that the district court erred in granting the preliminary injunction because Gootee did not and cannot make the requisite showing that it is entitled to injunctive relief, ie., that it will suffer irreparable injury if the injunction does not issue.
The issuance of a preliminary injunction will not be disturbed on appeal absent a clear abuse of discretion. Yur-Mar, LLC v. Jefferson Parish Council, 11- *598 669 (La.App. 5 Cir. 3/13/12), 90 So.3d 1137, 1140.
The primary purpose of in-junctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss, or damage to the applicant. Broadmoor, L.L.C. v. Ernest N, Mortal New Orleans Exhibition Hall Auth., 04-211 (La.3/18/04), 867 So.2d 651, 655. During the pendency of an action for an injunction, the court may issue a temporary restraining order, a preliminary injunction, or both. Id. The purpose of a preliminary injunction is to preserve the status quo until a trial on the- merits; on the other hand, a permanent injunction can be issued only after a full trial on the merits in which the burden of proof is by a preponderance of the evidence. Id.
Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must make a prima facie showing that he will prevail on the' merits of the case. Yur-Mar, supra at 1139. Injunctive relief may be warranted, however, without the requisite showing of irreparable injury, when the conduct sought to be enjoined is unconstitutional or unlawful, i.e., violates a constitutional right or a prohibitory law. Jurisich v. Jenkins, 99-76 (La.10/19/99), 749 So.2d 597, 599. Once a | lspetitioner has made a prima facie showing that the conduct to be enjoined is reprobated by law, the petitioner is entitled to injunctive relief without the necessity of showing that no other adequate legal remedy exists. Id.
The Louisiana Supreme Court has held that Louisiana’s Public Bid Law, as set forth in La. R.S. 38:2212,- et seq., is a prohibitory law, the violation of which may be remedied with injunctive relief. See Broadmoor, supra at 656, 663. Accordingly, to determine if the district court abused its discretion in granting injunctive relief, we must determine whether One Construction’s bid submission violated the public bid law.

Louisiana’s Public Bid Law

At the time Plaquemines Parish School Board began soliciting bids for the project, the public bid law[4] provided that all public work exceeding $150,00,0.00, including labor, materials, and. equipment, “to be done by a public entity shall be advertised and let by contract to the lowest responsible and responsive bidder who had bid according to the bidding documents[5] as advertised, and no such public work shall be done except as provided in this Part.” See La. R.S. 38:2212(A)(1); La. R.S. 38:2212(0(1). The law further states that “[t]he provisions and requirement of [La. R.S. 38:2212] and those stated in the bidding documents shall not be waived by any entity.” La. R.S. 38:2212(B)(1).
The Louisiana Supreme Court has commented on the necessity of strict compliance with the public’bid law:
The statutory requirements, advertisement requirements, and bid form requirements, including those included by reference to other documents, must be completely and accurately observed. The public 1 rnbid law could not be more clear in stating that a biddér’s failure to *599 comply with every detail can invalidate the bid.
Broadmoor, supra at 658.
La. :R.S. 38:2212(B)(2) lists the elements required for a bid submission. The element at issue here is a “Corporate Resolution or written evidence of the authority of the person signing the bid.”
In its petition, Gootee alleged that the bid submitted by One Construction, a non-corporate entity, failed to include this required “written evidence of the authority of the person signing the bid.” More specifically, Gootee alleged that One Construction’s bid failed to comply with La. R.S. 38:2212(B)(5) and Section 5.1.7(d) of the bidding instructions;
La. R.S. 38:2212(B)(5) expounds upon La. R.S. 38:2212(B)(2)’s requirement of written evidence. It provides:
Written evidence of the authority of the person signing the bid for public works .shall be submitted at the time of bidding. The authority of the signature, of the person submitting the bid shall be deemed sufficient and acceptable if any of the following conditions are met:
(a)The signature on the bid is that of any corporate officer listed on the most current annual report on file with the secretary of state, or the signature on the bid is that of any member of a partnership, limited liability company, limited liability partnership, or other legal entity listed in the, most current business records on file with the secretary of state.
(b). The signature on the bid is that of an authorized representative as documented by the legal entity certifying the authority of the person.
(c) The- legal entity has filed in the ap- ■ propriate records of the secretary of state of -this state, an affidavit, resolution, or other acknowledged or authentic document indicating the names, of all parties authorized to submit -bids for public contracts. Such -document on file with the. secretary of stafe shall remain in effect . and shall be binding upon the principal ‘ until. specifically rescinded and canceled from the records of the office.
117One Construction argued that its bid was compliant, pursuant to La. R.S. 38:2212(B)(5)(a), because it was signed by a managing member of the LLC, who was so listed in the most'current business records on file with the secretary of state.[6] Compliance with La. R.S. 38:2212(B)(5)(a), One Construction maintains, suffices in lieu of submitting written evidence of the authority of the person signing the bid. The district court agreed with this argument when it -found- that “38:2212 and its subsequent amendment withdrew [the requirement that written evidence be submitted with the- bid] for certain legal entities, an LLC being one of them.”[7] We *600 disagree with this interpretation of the statute.
Statutory interpretation begins with the language of the statute itself. Yount v. Handshoe, 14-919 (La.App. 5 Cir. 5/28/15), 171 So.3d 381, 386. In considering statutory language, the words of a law must be given their generally prevailing meaning; and words of art and technical terms must be given their technical meaning when a law involves a technical matter. La. C.C. art. 11. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. When the words of the law are ambiguous, however, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. art. 12. And when the language of the law is susceptible of different meanings, it must be interpreted |1Ras having the meaning that best conforms to the purpose of the law. La. C.C. art. 10.
With these rules of statutory interpretation in mind, we turn to the provisions at issue. First, La. R.S. 38:2212(B)(2) unambiguously mandates that bidding documents require bid submissions by non-corporate entities to include written evidence of signatory authority. It states in pertinent part: “The bidding documents shall require only the following information and documentation to be submitted by a bidder at the time designated in the advertisement for bid opening: ... Corporate Resolution or written evidence of the authority of the person signing the bid,.... ”
Next, the first sentence of La. R.S. 38:2212(B)(5) reiterates that written evidence must be submitted with the bid. It unequivocally declares: “Written evidence of the authority of the person signing the bid for public works shall be submitted at the time of bidding.” Then, the second sentence of La. R.S. 38:2212(B)(5) begins: “The authority .., shall be deemed sufficient and acceptable if....” (Emphasis added). As this language makes clear, this second sentence delineates three conditions under which signatory authority is deemed “sufficient and acceptable.” Contrary to the district court’s interpretation, these conditions are not alternatives to submitting the written evidence required by the first sentence; they are examples of written evidence deemed sufficient and acceptable to establish signatory authority. Thus, satisfying any one of these three conditions does not relieve a bidder of the first sentence’s requirement to submit written evidence of that authority with its bid.
For instance, under La. R.S. 38:2212(B)(5)(a), an LLC’s most current “business records” on file with the secretary of state which list the signatory as a member are sufficient to establish signatory authority. And pursuant to the first | ^sentence of La. R.S. 38:2212(B)(5), this written evidence must be submitted with the bid. Therefore, to the extent the district court found La. R.S. 38:2212 did not require One Construction to submit written evidence of signatory authority with its bid, the court erred.
Because the court determined the statute did not require submission of this writ *601 ten evidence, the court found that One Construction’s omission of that evidence did not violate the statute. Nevertheless, the court went on to find injunctive relief was warranted because this omission violated the bidding instructions.
In its petition, Gootee alleged that One Construction’s bid was defective for failing to comply with Section 5.1.7(d) of the bidding instructions, which provide:
The Bid shall include the legal name of Bidder and a statement that the Bidder is a sole proprietor, a partnership, a corporation, or some other legal entity, as so noted on the Bid Form’s Signature Section. The Bid shall be signed by the person or persons legally authorized to bind the Bidder to a Contract. The authority of the signature of the person submitting the Bid shall be deemed sufficient and acceptable under any of the following conditions:
[[Image here]]
(d) If Bidder is joint venture or other legal entity, the name must be as it appears on the state contractor’s license, and a certified copy of the legal entity resolution authorizing execution of the contract by the signature person must be attached to the Bid Form and submitted with the Bid. If the signature is by an agent of the joint venture or other legal entity, in addition to a legal entity’s resolution authorizing execution of the contract by the signature person, a power of attorney certifying the agent’s authority to bind the Bidder must be attached to the Bid Form and submitted with the Bid.[8]
(Emphasis added).
Gootee argued that One Construction’s omission of written evidence of signatory authority from its bid failed to satisfy the instructions’ requirement of “a certified copy of the legal entity resolution authorizing execution of the contract by | anthe signature person.” In response, One Construction argued that Section 5.1.7 of the bidding instructions is without effect because it differs from and requires more than the statute, i.e., submission of written evidence of signatory authority. Finding that La. R.S. 38:2212 does not require an LLC to submit written evidence of signatory authority, the district court agreed that the bidding instructions, which do require submission, diverge from the statutory requirements. But the court disagreed with One Construction’s proposed effect of this divergence. Relying on jurisprudence out of the First and Fourth Circuits, the court determined that La. R.S. 38:2212 establishes minimum requirements for the public bidding process, which may be supplemented by bidding instructions. See Phylway Constr., LLC v. Terrebonne Parish Consol. Gov’t, 13-1589 (La.App. 1 Cir. 9/5/14), 153 So.3d 516, 521, writ denied, 14-2677 (La.3/13/15), 161 So.3d 642; Concrete Busters of La., Inc. v. Bd. of Comm’rs of the Port of New Orleans, 10-1172 (La.App. 4 Cir. 2/2/11), 69 So.3d 484, 489-90. The court stated: “[WJhen a public entity elects to place certain requirements that differ from statutory requirements in its advertisement for bids and on its bid forms, then the entity is bound by those advertised requirements and bid form specifications in addition to statutory requirements.”
We do not address whether statutory requirements of the public bid law may be supplemented by bidding instructions. This is because we do not find the bidding instructions differ from the statute with regard to requiring the submission of written evidence of signatory authority. In *602 our assessment, both La. R.S. 38:2212 and the bidding instructions require- submission of written evidence of signatory authority.
It is not disputéd that One Construction’s bid submission did not include written evidence of the authority of the person signing the bid. Therefore, One 12i Construction’s bid failed to comply with both La. R.S. 38:2212 and the bidding instructions. For this violation of the public bid law, a prohibitory law, we conclude that the district' court did not abuse its discretion in granting a preliminary injunction in favor of Gootee. This argument is without merit.
DECREE
For the foregoing reasons, we affirm the judgment - of the district- court overruling One Construction’s exceptions of improper venue, lack of subject matter jurisdiction, and non-joinder; and we affirm the judgment of the district court granting the preliminary injunction in favor of Gootee.
AFFIRMED

. In its petition, Gootee argued that One Construction's bid did not comply with “La.. R.S. 38:2212(A)(5).” This appears to have been a clerical error since there is no Subsection (A)(5) and the quoted statutory language indicates that Gootee was referring to Subsection (B)(5).

. The issues raised in One Construction’s seven assignments of error are organized by topic in this opinion.

. La. C.C.P. art. 7 was repealed by Acts 1997, No. 578, § 5. It provided in pertinent part:
A. Except as otherwise provided in this Article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than: (1) Entry or removal of the name of an attorney as counsel of record; (2) Extension of time within which to plead; (3) Security for costs; (4) Dissolution of an attachment issued on the ground of the nonresidence of the defendant; or (5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.

. The current version of Louisiana's Public Bid Law was in effect at the time the School Board began soliciting bids. It was enacted by Acts 2014, No. 759, § 1, effective August 1, 2014.

. "Bidding documents” refer to "the bid notice, plans and specifications, bid form, bidding instructions, addenda, special provisions, and all other written instruments prepared by or on behalf of a public entity for use by prospective bidders on a public contract.” La. R.S. 38:2211(A)(2).

. Copies of One Construction's 2013 and 2014 annual reports on file with the secretary' of state were attached as exhibits to the School Board's exceptions filed on December 2, 2014. These reports list Brad Swanford ás the registered agent and manager/member of . One Construction. One Construction’s bid . submission was signed by Brad Swanford, but did not include the 2013 and 2014 annual reports.

. The entirety of the court’s reasoning was articulated as follows:
And it is admitted by both plaintiff and defense in this case that all requirements of (B)(2) were met with the exception of the corporate resolution or written evidence of the authority of the person signing the bid. That's the single issue before the court.
And while . the. bid documents .were issued, the instruction to bidders in Section 5.1.7 make[s] reference to this sole issue, which is corporate resolution or written *600 evidence of authority of the person signing the bid.
Then 5.1.7 of the instructions to bidders requires written evidence of that to be turned in with the public bid that is submitted.
Admittedly 38:2212 and its subsequent amendment withdrew that requirement for certain legal entities, an LLC being one of them.

. The bidding instructions are dated "March 2013” and therefore pre-date the version of La. R.S. 38:2212 in effect at the time of the bidding process herein.