BERNHARD MCC, LLC

VERSUS

KURT M. ZERINGUE; ROBERT G.
MAYFIELD, SR.; ROBERT G. MAYFIELD, JR.;
CECIL PASSMAN; JAMES BRIAN CARLISLE;
AND NICHOLAS ZAZULAK

NO. 19-CA-529

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 774-865, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

September 09, 2020

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

**REVERSED IN PART; REMANDED**

> **MEJ**
> **SMC**
> **FHW**

COUNSEL FOR PLAINTIFF/APPELLEE,
BERNHARD MCC, LLC
    Mark R. Beebe
    Timothy M. Brinks
    William D. Shea
    Kellen J. Mathews

COUNSEL FOR DEFENDANT/APPELLANT,
KURT M. ZERINGUE; ROBERT G. MAYFIELD, SR.; ROBERT G.
MAYFIELD, JR.; CECIL PASSMAN; JAMES BRIAN CARLISLE; AND
NICHOLAS ZAZULAK
    Robert E. Couhig, Jr.
    Jason A. Cavignac
    Jack M. Capella

**JOHNSON, J.**

Bernhard MCC, LLC brought an action against several of its former employees, alleging violations of the Louisiana Uniform Trade Secrets Act ("LUTSA") and the Louisiana Unfair Trade Practices Act ("LUTPA"). The former employees, Defendants, appeal the trial court's September 16, 2019 judgment granting a preliminary injunction in favor of Bernhard MCC, LLC. For the reasons that follow, we reverse the judgment granting the injunction, in part, and remand the matter for further proceedings.

FACTS & PROCEDURAL HISTORY

On August 9, 2017, Bernhard MMC, LLC ("Bernhard") filed a petition for preliminary and permanent injunctions against six of its former employees: Kurt Zeringue, Robert Mayfield, Sr., Robert Mayfield Jr., Cecil Passman, James Carlisle, and Nicholas Zazulak (collectively "Defendants"). Bernhard alleged that Defendants were long-time employees of MMC entities of which Bernhard acquired membership interests in October 2015.[1] Bernhard asserted that after the acquisition, Defendants became employees of Bernhard and continued in their same duties. Bernhard contended that, as employees, each defendant had access to confidential company materials, including employee wage rates, pricing structure information, bid information, estimates, proposals, amongst other information pertaining to its business operations.[2]

In May 2017, Defendants resigned and began working with Regional Mechanical Services, LLC ("RMS").[3] Bernhard alleged Defendants failed to return its confidential and proprietary information upon their termination and used

---

[1] Bernhard is a mechanical, electrical, and plumbing contracting business.
[2] MCC was a mechanical contracting company in New Orleans. After the acquisition, the newly formed entity became Bernhard MCC, LCC.
[3] RMS is not a party to this injunction proceeding; however, it has been named as a defendant in a related suit, which also named the six defendants who are parties to the instant litigation.

the misappropriated information to solicit and bid commercial construction projects on behalf of RMS in direct competition with Bernhard. It asserted Defendants' use of the confidential and proprietary information violates both the Louisiana Unfair Trade Practices Act ("LUTPA"), in that Defendants' use of the information is an unfair method of competition and constitutes unfair or deceptive acts, and the Louisiana Uniform Trade Secrets Act ("LUTSA"), in that the information used by Defendants constitutes a trade secret. Bernhard alleged Defendants' use of the confidential and proprietary business information resulted in lost revenues, loss of customers, loss of business goodwill, loss of business opportunities, loss of skilled labor, and loss of market share. As such, Bernhard sought preliminary and permanent injunctions against Defendants to prohibit their continued use of its confidential business information. Defendants opposed the petition for injunctive relief, arguing the damages alleged by Bernhard were monetarily compensable and, thus, Bernhard would not suffer irreparable injury. A hearing on the preliminary injunction was held on August 23, 2017.

During the hearing, Bernhard presented the testimony of its president, Philip Catanzaro, and submitted various exhibits, including confidentiality agreements, the Bernhard Employee Handbook, and various emails. Bernhard averred that no remedy at law would compensate it for lost customers, employees, and business goodwill. As such, Bernhard sought preliminary and permanent injunctions against Defendants to prohibit their continued use of its confidential business information. In their defense, Defendants presented the testimony of one defendant, Kurt Zeringue. Defendants opposed the petition for injunctive relief, arguing the damages alleged by Bernhard were monetarily compensable and, thus, Bernhard would not suffer irreparable injury. Defendants also maintained that the information and documentation Bernhard sought to enjoin was not unique to

Bernhard as the information was readily available from other third-party sources and, thus, did not constitute trade secrets.

At the conclusion of the hearing, the trial court took the matter under advisement and subsequently entered judgment on August 31, 2017, without reasons, in favor of Bernhard. Thereafter, the trial court amended its original judgment—once on September 18, 2017, and then on September 27, 2017— again ruling in favor of Bernhard. On May 30, 2018, this Court, finding that the original August 31, 2017 judgment was null and void for lack of specificity as required by La. C.C.P. art. 3605, and the September 18, 2017 and September 27, 2017 judgments were absolute nullities because the trial court had been divested of jurisdiction at the time the judgments were signed, vacated all three judgments and remanded the matter for further proceedings. *See Bernhard MCC, LLC v. Zeringue*, 18-30 (La. App. 5 Cir. 5/30/18); 250 So.3d 342, 349.

On remand, without a hearing and without assigning reasons, the trial court issued judgment on July 13, 2018, in favor of Bernhard. Specifically, the judgment granted Bernhard's petition for preliminary injunction and prohibited Defendants from seeking, requesting, soliciting from any person, or utilizing for any purpose, any confidential and/or proprietary business information of Bernhard. The judgment further ordered Defendants to return all of Bernhard's confidential and proprietary business information and any other material constituting a trade secret and to comply with their respective obligations to Bernhard regarding the confidentiality and non-disclosure of confidential and proprietary business information. Defendants appealed that judgment. On February 27, 2019, this Court, noting that the decretal language of the July 13, 2018 judgment was identical to that of the September 27, 2017 amended judgment that was the subject of the first appeal between the two parties, again found that the judgment was null and void for lack of specificity as required by La. C.C.P. art. 3605, vacated the judgment

and remanded the matter for further proceedings. *Bernhard MCC, LLC v. Zeringue*, 18-553 (La. App. 5 Cir. 2/27/19); 266 So.3d 537, 542.

On remand, the trial court held a hearing on September 16, 2019 on the Motion to Enter Judgment on Preliminary Hearing, filed by Bernhard on July 29, 2019. Counsel for Bernhard requested that the court enter the order they prepared. Defendants' counsel countered that Bernhard was not entitled to relief because there was another remedy available to Bernhard, as evidenced by Bernhard's suit for damages filed against Defendants on May 4, 2018.The court found that Bernhard established a prima facie case that they will "prevail on the merits in showing that Defendants took Bernhard's 'confidential, proprietary and/or trade secret documents and [. . .] had no apparent, legitimate business reason for doing so.'" The trial court granted a preliminary injunction and adopted the judgment submitted by Bernhard. Defendants were prohibited from "seeking, requesting, or soliciting" those documents, "including, but not limited to" the customer list, estimating tools data, summaries of projects and bids submitted, company forms, wage and employee data, and an invitation to bid on a particular project Defendants sent to themselves via email. Defendants were also prohibited from "utilizing" the materials "for any purpose" and ordered to return the privileged materials in their possession to Bernhard. Defendants filed the instant appeal, seeking review of the September 19, 2019 judgment.

*ISSUES*

Defendants argue that Bernhard was not entitled to the injunctive relief granted. First, Defendants contend it is unlikely that Bernhard will prevail on its claims that Defendants acted in violation of LUTSA and LUTPA. Second, Defendants assert that injunctive relief was not warranted because Bernhard failed to prove that it would suffer irreparable harm if an injunction did not issue. Finally, Defendants contend the preliminary injunction issued by the trial court

fails to describe the prohibited acts with reasonable detail and, thus, is fatally defective.

*LAW AND ANALYSIS*

First, we briefly address Defendant's third assignment of error regarding the form of the judgment. Louisiana Code of Civil Procedure article 3605 provides that an order granting a preliminary injunction "shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained." In the previous appeal, this Court found that the July 13, 2018 judgment did not itemize what constitutes confidential and proprietary business information from which Defendants are prohibited from using or soliciting, or define what obligations Defendants owed Bernhard. The September 16, 2019 is not identical to the previous judgment; additional references were made to the alleged trade secrets and proprietary materials, Bernhard MCC's Employee Handbook, and "or any Confidentiality and Non-Disclosure agreements" in the decretal language of the judgment. The decree, alone, states the decision; it must be delineated in clear, unambiguous language. *Wells One Investments, LLC v. City of New Orleans*, 17-415 (La. App. 4 Cir. 11/2/17), 231 So.3d 54, 57. However, we conclude--for this particular case--that the description of the conduct to be enjoined within the four corners of the third preliminary injunction, in its entirety, is sufficient to address the merits of the case in the interests of justice and judicial economy. *See* La. C.C.P. art 2164.

Louisiana jurisprudence recognizes the distinction between a prohibitory injunction – an injunction to preserve the status quo – and a mandatory injunction sought to order specific action(s) – *i.e.*, "the doing of something", as a matter of procedure and evidence. *Saer v. New Orleans Regional Physician Hosp. Organization*, 14-856 (La. App. 5 Cir. 3/25/15); 169 So.3d 617, 620-21 (Internal citation omitted). A mandatory injunction essentially has the same effect as a

permanent injunction, so a party seeking a mandatory preliminary injunction must prove by a preponderance of the evidence that he is entitled to the preliminary injunction. *Id*.

The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss, or damage to the applicant. *Ryan Gootee Gen. Contractors, LLC v. Plaquemines Par. Sch. Bd. & One Const., Inc.*, 15-325 (La. App. 5 Cir. 11/19/15); 180 So.3d 588, 598. Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must make a prima facie showing that he will prevail on the merits of the case. *Id*. Irreparable injury means the petitioner cannot be adequately compensated in money damages or suffers injuries that cannot be measured by pecuniary standards. *Yur-Mar, LLC v. Jefferson Par. Council*, 11-669 (La. App. 5 Cir. 3/13/12); 90 So.3d 1137, 1140. The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss, or damage to the applicant. *Ryan Gootee Gen. Contractors, LLC,* 180 So.3d at 598. However, upon a prima facie showing, a preliminary injunction that preserves the status quo between the parties pending a full trial on the merits, may issue.

> Although the judgment on a preliminary injunction is interlocutory, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal.
> Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must make a prima facie showing that he will prevail on the merits of the case. The threat of irreparable injury need not be shown when the deprivation of a constitutional right is at issue or when the act sought to be enjoined is unlawful. Irreparable injury means the petitioner cannot adequately be compensated in money damages or suffers injuries which cannot be measured by pecuniary standards.
> The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss, or damage to the applicant. The trial court

has great discretion in determining whether a preliminary injunction is warranted; thus, the trial court's ruling will not be disturbed on appeal absent a clear abuse of discretion.

*Bernhard MCC, LLC v. Zeringue*, 266 So.3d at 540-41 (Internal citations omitted). The appellate court reviews the granting or denial of a preliminary injunction under the manifest error standard. *Zeringue v. St. James Parish School Bd.*, 13-444 (La. App. 5 Cir. 11/19/13); 130 So.3d 356, 359.

The law requires the plaintiff to establish a prima facie case on the merits of his claim in order to be entitled to the preliminary injunction, but it does not require conclusive adjudication of the plaintiff's claim on the merits as a condition for the preliminary injunction. The trial judge has broad discretion in determining whether to grant or refuse the injunction. *Daigre Engineers, Inc. v. City of Winnfield*, 14154 (La. App. 2 Cir. 6/10/1980); 385 So.2d 866, 871. The principal demand is determined on its merits only after a full trial under ordinary process, even though the hearing on the summary proceedings to obtain the preliminary injunction may touch upon or tentatively decide merit-issues." *Smith v. W. Virginia Oil & Gas Co.*, 373 So.2d 488, 494 (La. 1979).

To state a claim under LUTSA, "a plaintiff must allege (1) the existence of a trade secret and (2) misappropriation of the trade secret by another." *Pyramid Instrumentation & Elec. Corp. v. Hebert*, 17-CV-1358, 18 WL 1789325, at *3 (W.D. La. Mar. 14, 2018), *report and recommendation adopted*, 2:17-CV-1358, 2018 WL 1788621 (W.D. La. Apr. 13, 2018). Under La. R.S. 51:1431(4), "trade secret" is defined, in pertinent part, as "information" that:

(a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and
(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

We find that Bernhard did not prove that the materials taken by Defendants were "trade secrets" as contemplated by LUTSA. The estimating tools, customer list, employee information, company forms, and historical bid summaries Defendants took from Bernhard were common knowledge for their industry, albeit conveniently compiled, or easily discoverable. In *Pyramid Instr. & Elec. Corp.*, *supra*, the United States District Court for the Western District of Louisiana found that the plaintiff's "formulaic recitation of the definitions of a trade secret [. . .] and their repeated use of the term 'confidential and proprietary' with respect to the manuals [were] not enough" to show the independent economic value of the manuals or the efforts made by Pyramid to maintain their secrecy." *Pyramid Instr. & Elec. Corp.*, *at* *4. Similarly, in the instant case, references to the subject documents as "confidential information," trade secrets," or "intellectual property" in Bernhard's Confidentiality and Non-Disclosure Agreement and Employee Handbook are not proof of the documents' intrinsic financial value, or of Bernhard's efforts to maintain their secrecy.

Also, LUTPA, codified in Louisiana Revised Statutes 51:1401 *et seq.*, makes "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful. *Newton v. Brenan*, 14-423 (La. App. 5 Cir. 12/16/14); 166 So.3d 285, 289. Acts which constitute unfair or deceptive practices are not specifically defined in the statute and are instead determined by courts on a case-by-case basis. *Id.* Under LUTPA, conduct is considered unlawful when it involves fraud, misrepresentation, deception, breach of fiduciary duty, or other unethical conduct. *Creative Risk Controls, Inc. v. Brechtel*, 01-1150 (La. App. 5 Cir. 4/29/03); 847 So.2d 20, 24–25, *writ denied*, 03-1769 (La. 10/10/03); 855 So.2d 353. We cannot say that the trial court abused its discretion when it found that Bernhard made a prima facie showing that Defendants' actions violated LUPTA, which rendered the question of whether

Bernhard proved irreparable injury moot; thus, a showing of irreparable harm was not required.

Accordingly, we find that Bernhard did not prove that the materials Defendants took from Bernhard were trade secrets pursuant to LUTSA. However, we cannot say that the trial court committed manifest error when it found that Bernhard established a prima facie case that Defendants engaged in unfair trade practices sufficient for a preliminary injunction to issue.

*DECREE*

For the foregoing reasons, we reverse in part the September 16, 2019 judgment purporting to grant injunctive relief to Bernhard MCC, LLC. We find that Appellee did not make a prima facie showing that Defendants violated LUTSA, but did make a prima facie showing that Defendants violated LUPTA. This matter is remanded for further proceedings consistent with this opinion.

**REVERSED IN PART; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
<u>**SEPTEMBER 9, 2020**</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-529

### <u>E-NOTIFIED</u>
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
KELLEN J. MATHEWS (APPELLEE)
WILLIAM D. SHEA (APPELLEE)

MARK R. BEEBE (APPELLEE)
JASON A. CAVIGNAC (APPELLANT)

TIMOTHY M. BRINKS (APPELLEE)

### <u>MAILED</u>
CORY S. GRANT (APPELLANT)
ROBERT E. COUHIG, JR. (APPELLANT)
ATTORNEYS AT LAW
1100 POYDRAS STREET
SUITE 3250
NEW ORLEANS, LA 70163

JACK M. CAPELLA (APPELLANT)
ATTORNEY AT LAW
3421 N. CAUSEWAY BOULEVARD
SUITE 105
METAIRIE, LA 70002