JOHNSON, J.
This case involves claims of violations of the Louisiana Uniform Trade Secrets Act ("LUTSA") and the Louisiana Unfair Trade Practices Act ("LUTPA") brought by an employer against several of his former employees. In this appeal, Defendants, who are the former employees, appeal the trial court's granting of a preliminary and permanent injunction in favor of their former employer. For the reasons that follow, we vacate the judgment granting the injunction and remand the matter for further proceedings.
FACTS & PROCEDURAL HISTORY
On August 9, 2017, Bernhard MMC, LLC ("Bernhard") filed a petition for preliminary and permanent injunctions against six of its former employees: Kurt Zeringue, Robert Mayfield, Sr., Robert Mayfield Jr., Cecil Passman, James Carlisle, and Nicholas Zazulak (collectively "Defendants"). Bernhard alleged that Defendants *345 were long-time employees of MMC entities of which Bernhard acquired membership interests in October 2015. Bernhard asserted that after the acquisition, Defendants became employees of Bernhard and continued in their same duties. Bernhard contended that as employees, each of the Defendants had access to confidential materials of the company, including employee wage rates, pricing structure information, bid information, estimates, proposals and other information pertaining to its business operations.[1]
In May 2017, Defendants resigned their employment with Bernhard and began working with Regional Mechanical Services, LLC ("RMS"), a competitor of Bernhard. Bernhard alleged Defendants failed to return its confidential and proprietary information upon their termination and have used the misappropriated information to solicit and bid commercial construction projects on behalf of RMS in direct competition with Bernhard. It asserted Defendants' use of the confidential and proprietary information violates both the LUTPA, in that Defendants' use of the information is an unfair method of competition and constitutes unfair or deceptive acts, and the LUTSA, in that the information used by Defendants constitutes a trade secret.
Bernhard alleged Defendants' use of the confidential and proprietary business information resulted in lost revenues, loss of customers, loss of business goodwill, loss of business opportunities, loss of skilled labor, and loss of market share. As such, Bernhard sought preliminary and permanent injunctions against Defendants to prohibit their continued use of its confidential business information.
Defendants opposed the petition for injunctive relief, arguing the damages alleged by Bernhard were monetarily compensable and, thus, Bernhard would not suffer irreparable injury. A hearing on the preliminary injunction was held on August 23, 2017.[2] During the hearing, Bernhard presented the testimony of its president, Philip Catanzaro, and submitted various exhibits, including confidentiality agreements, the Bernhard Employee Handbook, and various emails. In their defense, Defendants presented the testimony of one defendant, Kurt Zeringue. The trial court took the matter under advisement and subsequently rendered judgment on August 31, 2017, granting Bernhard's petition for preliminary and permanent injunction. Defendants filed a motion for appeal from this judgment on September 14, 2017, within the 15-day time period to take an appeal from a preliminary injunction under La. C.C.P. art. 3612. The trial court granted the motion for appeal on the same day.
*346 Also on the same day, Bernhard filed a motion seeking to modify the August 31, 2017 judgment. In its motion, Bernhard noted that the judgment granted both a preliminary and a permanent injunction even though the only issue before the court was the preliminary injunction. As such, Bernhard sought a modification of the judgment to reflect only the granting of a preliminary injunction. Bernhard also requested the judgment be amended to specify the act or acts restrained by the judgment. Defendants objected to the motion to modify asserting that Bernhard was not entitled to a substantive modification of the judgment. On September 18, 2017, well after the order of appeal was signed, the trial court signed an amended judgment granting Bernhard's petition for preliminary injunction. This amended judgment was identical to the August 31, 2017 judgment except that it removed the word "permanent," clarifying that only a preliminary injunction had been granted.
One week later on September 25, 2017, Bernhard filed a second motion for modification of judgment again asking the trial court to modify its August 31, 2017 judgment. Like its first motion for modification, Bernhard again requested the trial court amend its judgment to describe the acts from which Defendants were enjoined. In its memorandum in support of its second motion for modification, Bernhard alternatively requested a partial new trial for the sole purpose of determining the specific conduct from which Defendants were enjoined. On September 27, 2017, without a hearing, the trial court signed a second amended judgment that granted Bernhard's petition for preliminary injunction, prohibited Defendants from certain acts, and ordered Defendants to return all of Bernhard's confidential and proprietary business information and any other material constituting a trade secret. Although maintaining that the two amended judgments were null and void, Defendants timely filed motions for appeal from both the amended judgment as a precaution.
ISSUES
Defendants first argue that the two amended judgments are null and void because they substantively alter the original judgment that had been appealed. Second, Defendants contend the original judgment granting injunctive relief failed to describe the prohibited acts and, thus, is fatally defective. Third, Defendants assert injunctive relief was not warranted because Bernhard failed to prove irreparable harm and that it is likely to succeed on the merits.
LAW & ANALYSIS
A preliminary injunction is an interlocutory procedural device designed to preserve the status quo between the parties pending a trial on the merits. Tobin v. Jindal , 11-838 (La. App. 1 Cir. 2/10/12), 91 So.3d 317, 320. Although the judgment on a preliminary injunction is interlocutory, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. La. C.C.P. art. 3612.
The trial court has great discretion in determining whether a preliminary injunction is warranted; thus, the trial court's ruling will not be disturbed on appeal absent a clear abuse of discretion. Ryan Gootee General Contractors, LLC v. Plaquemines Parish School Board & One Construction, Inc. , 15-325 (La. App. 5 Cir. 11/19/15), 180 So.3d 588, 597.
The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss, or damage to the applicant. Ryan Gootee, supra at 598. Generally, a party seeking the issuance of a preliminary *347 injunction must show that he will suffer irreparable injury if the injunction does not issue and must make a prima facie showing that he will prevail on the merits of the case. The threat of irreparable injury need not be shown when the deprivation of a constitutional right is at issue or when the act sought to be enjoined is unlawful. Id. Irreparable injury means the petitioner cannot be adequately compensated in money damages or suffers injuries which cannot be measured by pecuniary standards. Yur-Mar, LLC v. Jefferson Parish Council , 11-669 (La. App. 5 Cir. 3/13/12), 90 So.3d 1137, 1140.
We find that we cannot reach the issue of the propriety of injunctive relief in this case because of procedural irregularities and defects in the judgments on appeal discussed infra .
Under La. C.C.P. art. 2088, "[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal." Thereafter, the trial court retains jurisdiction "only over those matters not reviewable under the appeal." Id. Article 2088 lists the types of matters over which the trial court continues to have jurisdiction after an order of appeal, none of which apply to this case.[3] Matters "not reviewable under the appeal," has generally been interpreted to give the trial court continuing jurisdiction over all issues that are unaffected by the appeal. State through Dept. of Social Services v. Southern Baptist Hosp. , 94-2228 (La. App. 4 Cir. 10/12/95), 663 So.2d 443, 448-49, writ denied , 95-2751 (La. 1/26/96), 666 So.2d 676.
In this case, an appeal was taken on September 14, 2017 from trial court's granting of injunctive relief in the August 31, 2017 judgment. An order of appeal was signed the same day. At that point, the trial court no longer had jurisdiction over matters pertaining to injunctive relief. Bernhard's two motions to modify the August 31, 2017 judgment-one of which was filed on the same day the order of appeal was granted and the other which was filed almost two weeks after the order of appeal was granted-directly related to the matter reviewable under the appeal. Accordingly, the trial court did not have jurisdiction to amend the August 31, 2017 judgment.[4] Consequently, the amended *348 judgments dated September 18, 2017 and September 27, 2017 are absolute nullities. Brennan's, Inc. v. Colbert , 13-943 (La. App. 4 Cir. 9/25/13); 125 So.3d 537, 540, writ denied , 13-2917 (La. 6/20/14), 141 So.3d 285. See also Fairfield Development Co. v. Jackson , 438 So.2d 664, 668 (La. App. 2d Cir. 1983) (where the appellate court found the trial court was divested of jurisdiction to act on the defendant's rule to dissolve a preliminary injunction after an appeal had been granted).
Having concluded that the amended judgments of September 18 and 27, 2018 are absolute nullities, we turn to the original August 31, 2017 judgment. The judgment states in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Verified Petition for Preliminary and Permanent Injunction, filed by the plaintiff, Bernhard MMC, LLC, and against the defendants, Kurt M. Zeringue, Robert G. Mayfield, Sr., Robert G. Mayfield, Jr., Cecil Passman, James Brian Carlisle, and Nicholas Zazulak, be and is hereby, [sic] GRANTED .
As recognized by Bernhard in its motion to modify judgment, the judgment improperly grants a permanent injunction when the only issue before the court was the preliminary injunction. See footnote two, supra . In its appellee brief, Bernhard asks this Court to affirm the trial court's first amended judgment dated September 18, 2017 or, alternatively, to reform the judgment to correct this clear inadvertent error. As discussed above, the trial court's first amended judgment was an absolute nullity; thus, it cannot be affirmed. Additionally, we find the August 31, 2017 judgment to be so defective, beyond the inclusion of the word "permanent," that it cannot be reformed and must be vacated.
Louisiana Code of Civil Procedure article 3605 states that a preliminary injunction "shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained." A judgment that grants a preliminary injunction without describing the prohibited conduct is null and void. Phillips' Bar & Rest., Inc. v. City of New Orleans , 12-1396 (La. App. 4 Cir. 4/24/13), 116 So.3d 92, 108, writs denied , 13-1410 (La. 10/11/13), 123 So.3d 1226 and 13-1417 (La. 10/11/13), 123 So.3d 1227. Here, the August 31st judgment merely grants Bernhard's petition for injunctive relief without specifying the acts enjoined and, thus, is clearly null and void as an injunction.
*349 DECREE
For the foregoing reasons, we vacate all three judgments, dated August 31, September 18, and September 27, 2017, purporting to grant injunctive relief in favor of Bernhard. We find the original August 31st judgment is null and void for lack of specificity as required by La. C.C.P. art. 3605 and the September 18th and 27th judgments are absolute nullities because the trial court had been divested of jurisdiction at the time the judgments were signed.[5] This matter is remanded for further proceedings.
JUDGMENTS VACATED; MATTER REMANDED

Bernhard is a mechanical, electrical and plumbing contracting business.

We note that at the outset of the hearing, Bernhard indicated the parties were present for purposes of a preliminary injunction. Although the parties presented live testimony and evidence like an ordinary proceeding, there is nothing in the record indicating the parties agreed to consolidate the trial on the merits of a permanent injunction with the hearing on a preliminary injunction. [See French Market Vendors Association v. French Market Corp. , (La. App. 4 Cir. 2/13/13); 155 So.3d 514, 518, where the court stated the parties may agree to consolidate the trial on the merits of a permanent injunction with a hearing on the preliminary injunction, but noted that a preliminary injunction hearing cannot be converted to a permanent injunction hearing absent a stipulation by the parties. The court explained that a preliminary injunction may issue on a prima facie showing though verified pleadings or supporting affidavits that a party is entitled to such relief, while a permanent injunction requires proof by a preponderance of the evidence at an evidentiary hearing in an ordinary proceeding that the party is entitled to the permanent injunction.]

La. C.C.P. art. 2088 provides that after an order of appeal is granted, the trial court retains jurisdiction to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.

We note that under La. C.C.P. art. 1951, "a final judgment may be amended by the trial court at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation." Further, the judgment may only be amended after a hearing, unless all parties consent to the amendment or if no opposition is made after notice to the parties. Id. While Article 1951 allows the correction of a "clerical error," it does not authorize substantive amendments. Where there is an error of substance within a judgment, the proper remedy is a timely motion for new trial or appeal. Bourgeois v. Kost , 02-2785 (La. 5/20/03), 846 So.2d 692, 695. An amended judgment that makes substantive changes and is rendered without recourse to these procedures is an absolute nullity. Id.
We recognize that a preliminary injunction is not a final judgment, but rather is interlocutory. Reasonover v. Lastrapes , 09-1104 (La. App. 5 Cir. 5/11/10), 40 So.3d 303, 308. Generally, an interlocutory judgment may be amended at any time prior to the rendition of a final judgment on the merits and is not governed by the requirements of La. C.C.P. art. 1951. Willwoods Community v. Essex Ins. Co. , 09-651 (La. App. 5 Cir. 4/13/10), 33 So.3d 1102, 1113, writ denied , 10-1338 (La. 10/15/10), 45 So.3d 1111 ; State v. Shaddinger , 97-439 (La. App. 5 Cir. 10/28/97), 702 So.2d 965, 970, writ denied , 97-2989 (La. 2/6/98), 709 So.2d 743. However, because a preliminary injunction is an appealable judgment under La. C.C.P. art. 3612, the provisions of La. C.C.P. art. 2088 apply, and the trial court is divested of jurisdiction over all matters reviewable under the appeal upon the granting of an order of appeal.

We would be remiss if we did not point out that the second amended judgment dated September 27, 2017, which we have determined is an absolute nullity, also appears to lack the specificity of the acts to be enjoined as required by La. C.C.P. art. 3605. Specifically, without reference to the petition and/or documents submitted at the hearing, it is unknown what constitutes confidential and proprietary business from which Defendants are prohibited from using or soliciting or what obligations Defendants owe Bernhard. For this reason, the trial court is cautioned against relying on the second amended judgment on remand.