CHEHARDY, C.J.
This is a suit brought by an employer against several of its former employees alleging violations of the Louisiana Uniform Trade Secrets Act ("LUTSA") and the Louisiana Unfair Trade Practices Act ("LUTPA"). Defendants, the former employees, appeal from a preliminary injunction granted in favor of plaintiff, their former employer. For the reasons that follow, we vacate the trial court's judgment granting the preliminary injunction and remand the matter for further proceedings.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On August 9, 2017, Bernhard MCC, LLC ("Bernhard")[1] filed a petition for preliminary and permanent injunctions against six of its former employees: Kurt Zeringue, Robert Mayfield, Sr., Robert Mayfield, Jr., Cecil Passman, James Carlisle, and Nicholas Zazulak (collectively "Defendants"). Bernhard alleged that Defendants were long-time employees of MCC entities, whose membership interests and assets were acquired by Bernhard in October 2015.[2] Bernhard asserted that as a part of the acquisition, all of MCC's employees, including Defendants, became employees of Bernhard and continued in their same duties. Bernhard contended that as employees, each of the Defendants had access to confidential materials of the company, *539 including employee wage rates, pricing structure information, bid information, estimates, proposals and other information pertaining to its business operations.
In May 2017, Defendants resigned their employment with Bernhard and began working with Regional Mechanical Services, LLC ("RMS"), a competitor of Bernhard.[3] According to Bernhard, prior to their departure, Defendants participated in an elaborate scheme to "clandestinely and unlawfully obtain confidential and proprietary information of Bernhard," while still working for Bernhard, solely for the purposes of utilizing that information to compete directly against Bernhard and to benefit RMS, their new employer. Bernhard alleged Defendants failed to return this "unlawfully obtain[ed] confidential and proprietary information" upon their termination and have used the misappropriated information to solicit and bid commercial construction projects on behalf of RMS in direct competition with Bernhard. It asserted Defendants' use of the confidential and proprietary information violates both the LUTPA, in that Defendants' use of the information is an unfair method of competition and constitutes unfair or deceptive acts, and the LUTSA, in that the information and misappropriated data used by Defendants constitutes a trade secret.
Bernhard alleged Defendants' use of the confidential and proprietary business information has resulted in lost revenues, loss of customers, loss of business goodwill, loss of business opportunities, loss of skilled labor, and loss of market share. Bernhard averred that no remedy at law would compensate it for lost customers, employees, and business goodwill. As such, Bernhard sought preliminary and permanent injunctions against Defendants to prohibit their continued use of its confidential business information.
Defendants opposed the petition for injunctive relief, arguing the damages alleged by Bernhard were monetarily compensable and, thus, Bernhard would not suffer irreparable injury. Defendants also maintained that the information and documentation Bernhard sought to enjoin was not unique to Bernhard as the information was readily available from other third-party sources and, thus, did not constitute trade secrets.
A hearing on the preliminary injunction was held on August 23, 2017. During the hearing, Bernhard presented the testimony of its president, Philip Catanzaro, and submitted various exhibits, including confidentiality agreements, the Bernhard Employee Handbook, and various emails. In their defense, Defendants presented the testimony of one defendant, Kurt Zeringue. At the conclusion of the hearing, the trial court took the matter under advisement and subsequently entered judgment on August 31, 2017, without reasons, in favor of Bernhard. Thereafter, the trial court amended its original judgment-once on September 18, 2017, and again on September 27, 2017-also ruling in favor of Bernhard. On May 30, 2018, this Court vacated all three judgments and remanded the matter for further proceedings. See Bernhard v. Zeringue , 18-30 (La. App. 5 Cir. 5/30/18), 250 So.3d 342.[4]
*540 On remand, without a hearing and without assigning reasons, the trial court issued judgment on July 13, 2018, in favor of Bernhard. Specifically, the judgment granted Bernhard's petition for preliminary injunction, prohibited Defendants from seeking, requesting, soliciting from any person, or utilizing for any purpose, any confidential and/or proprietary business information of Bernhard. The judgment further ordered Defendants to return all of Bernhard's confidential and proprietary business information and any other material constituting a trade secret and to comply with their respective obligations to Bernhard regarding the confidentiality and non-disclosure of confidential and proprietary business information. It is from this judgment that Defendants have timely filed the instant appeal.
ISSUES PRESENTED FOR REVIEW
Defendants argue the judgment granting injunctive relief fails to describe the prohibited acts with reasonable detail and, thus, is fatally defective. Defendants further assert injunctive relief was not warranted because Bernhard failed to prove it will suffer irreparable harm in the absence of an injunction and that it is likely to succeed on the merits. Lastly, Defendants contend that when an injunction is issued without requiring the posting of security in accordance with La. C.C.P. art. 3610, vacating the judgment is the proper remedy.
LAW & ANALYSIS
A preliminary injunction is essentially an interlocutory procedural device designed to preserve the status quo between the parties pending a trial on the merits. Novelaire Techs., L.L.C. v. Harrison , 08-157 (La. App. 5 Cir. 8/19/08), 994 So.2d 57, 60. Although the judgment on a preliminary injunction is interlocutory, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. La. C.C.P. art. 3612.
Generally, a party seeking the issuance of a preliminary injunction must show that he will suffer irreparable injury if the injunction does not issue and must make a prima facie showing that he will prevail on the merits of the case. La. C.C.P. art. 3601. The threat of irreparable injury need not be shown when the deprivation of a constitutional right is at issue *541 or when the act sought to be enjoined is unlawful. Ryan Gootee Gen. Contractors, LLC v. Plaquemines Par. Sch. Bd. & One Const., Inc. , 15-325 (La. App. 5 Cir. 11/19/15), 180 So.3d 588, 598. Irreparable injury means the petitioner cannot be adequately compensated in money damages or suffers injuries which cannot be measured by pecuniary standards. Yur-Mar, LLC v. Jefferson Par. Council , 11-669 (La. App. 5 Cir. 3/13/12), 90 So.3d 1137, 1140.
The primary purpose of injunctive relief is to prevent the occurrence of future acts that may result in irreparable injury, loss, or damage to the applicant. Ryan Gootee, 180 So.3d at 598. The trial court has great discretion in determining whether a preliminary injunction is warranted; thus, the trial court's ruling will not be disturbed on appeal absent a clear abuse of discretion. Id. at 597.
Regarding the merits of the July 13, 2018 judgment presently before us, we find that the judgment is invalid as an injunction because it fails to describe with specificity the prohibited conduct. La. C.C.P. art. 3605 states that a preliminary injunction "shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained." Therefore, a judgment purporting to grant a preliminary injunction without describing the prohibited conduct with specificity is null and void. Bernhard MMC, LLC , 250 So.3d at 348 ; Phillips' Bar & Rest., Inc. v. City of New Orleans , 12-1396 (La. App. 4 Cir. 4/24/13), 116 So.3d 92, 108, writs denied , 13-1410 (La. 10/11/13), 123 So.3d 1226, and 13-1417 (La. 10/11/13), 123 So.3d 1227 ; Ormond Country Club v. Dorvin Developments, Inc. , 498 So.2d 144, 148 (La. App. 5 Cir. 1986), writ denied , 500 So.2d 423 (La. 1987). Here, the judgment at issue provides, in pertinent part:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Verified Petition for Preliminary Injunction, filed by the plaintiff, Bernhard MCC, LLC, and against the defendants, Kurt M. Zeringue, Robert G. Mayfield, Sr., Robert G. Mayfield, Jr., Cecil Passman, James Brian Carlisle, and Nicholas Zazulak, be and is hereby, GRANTED .
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants, Kurt M. Zeringue, Robert G. Mayfield, Sr., Robert G. Mayfield, Jr., Cecil Passman, James Brian Carlisle, and Nicholas Zazulak, are PROHIBITED from seeking, requesting or soliciting any confidential and/or proprietary business information of Bernhard MMC, LLC from any person, whether currently or previously employed by Bernhard MCC, LLC.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants, Kurt M. Zeringue, Robert G. Mayfield, Sr., Robert G. Mayfield, Jr., Cecil Passman, James Brian Carlisle, and Nicholas Zazulak, are PROHIBITED from utilizing any confidential and proprietary business information of Bernhard MMC, LLC for any purpose.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants, Kurt M. Zeringue, Robert G. Mayfield, Sr., Robert G. Mayfield, Jr., Cecil Passman, James Brian Carlisle, and Nicholas Zazulak, are ORDERED to return any and all confidential and proprietary business information of Bernhard MCC, LLC to the company, as set forth in the Handbook, the Confidentiality Agreements, or any similar material meeting the definition of a "trade secret" as set forth in La. R.S. 51:1431(4).
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants, *542 Kurt M. Zeringue, Robert G. Mayfield, Sr., Robert G. Mayfield, Jr., Cecil Passman, James Brian Carlisle, and Nicholas Zazulak, are ORDERED to strictly comply with their respective obligations to Bernhard MCC, LLC regarding the confidentiality and non-disclosure of confidential and proprietary business information.
In footnote 5 of our previous opinion, Bernhard MMC, LLC , 250 So.3d at 349, we wrote the following:
We would be remiss if we did not point out that the second amended judgment dated September 27, 2017, which we have determined is an absolute nullity, also appears to lack the specificity of the acts to be enjoined as required by La. C.C.P. art. 3605. Specifically, without reference to the petition and/or documents submitted at the hearing, it is unknown what constitutes confidential and proprietary business from which Defendants are prohibited from using or soliciting or what obligations Defendants owe Bernhard. For this reason, the trial court is cautioned against relying on the second amended judgment on remand.
Our review of the above referenced September 27, 2017 judgment reveals that its decretal language is identical to the language contained in the July 13, 2018 judgment as set forth above, which is the judgment presently before us on appeal. This court has already indicated that this identical language lacks the specificity of the acts sought to be restrained as required by La. C.C.P. art. 3605 -i.e. , the language does not delineate what constitutes confidential and proprietary business information from which Defendants are prohibited from using or soliciting, and the language does not define what obligations Defendants owe Bernhard. Put simply, having already said this, we need not say more.
Because we find the judgment fails to describe in reasonable detail the particular acts enjoined and, consequently, is clearly null and void as an injunction, we do not reach the remaining issues presented for appellate review; i.e. , whether Bernhard carried its burden of establishing a prima facie case that it is entitled to a preliminary injunction.
DECREE
For the foregoing reasons, we vacate the July 13, 2017 judgment purporting to grant injunctive relief in favor of Bernhard. We find the judgment is null and void for lack of specificity as required by La. C.C.P. art. 3605. This matter is remanded for further proceedings.
JUDGMENT VACATED; MATTER REMANDED

Bernhard is a commercial contracting company, which provides mechanical construction services such as HVAC, plumbing, exhaust, and engineering for commercial buildings.

MCC was a mechanical contracting company in New Orleans. Following the acquisition, the name of the newly acquired entity became Bernhard MCC, LLC.

RMS is not party to this injunction proceeding; however, it has been named as a defendant in a related suit, which also names the six defendants who are parties to the instant litigation.

Though the parties indicated at the commencement of the August 23, 2017 hearing that they were present for purposes of a preliminary injunction, in its original judgment of August 31, 2017, the trial court granted Bernhard's petition for preliminary and permanent injunction. Defendants timely filed an appeal from this judgment on September 14, 2017, and an order of appeal was signed that day. Also on that day, Bernhard filed a motion seeking a modification of the judgment to reflect only the granting of a preliminary injunction, and requested that the judgment be amended to specify the act or acts restrained by the judgment. In turn, on September 18, 2017, after the order of appeal was signed and the trial court had been divested of jurisdiction, the trial court issued an amended judgment granting Bernhard a preliminary injunction. In all respects, except for the removal of the word "permanent," the amended judgment was identical to the original judgment. Bernhard then filed a second motion for modification of the judgment again requesting a description of the acts from which Defendants were enjoined. In response, the trial court issued a second amended judgment on September 27, 2017, which purported to grant Bernhard's petition for preliminary injunction, prohibited Defendants from certain acts, and ordered Defendants to return all of Bernhard's confidential and proprietary business information and any other material constituting a trade secret. Although maintaining the two amended judgments were null and void, Defendants also filed motions for appeal from both of the amended judgments.
On appeal, finding the original August 31, 2017 judgment to be null and void for lack of specificity as required by La. C.C.P. art. 3605, and the subsequent judgments to be absolute nullities because the trial court had been divested of jurisdiction at the time the judgments were signed, this Court did not reach the propriety of the injunctive relief granted, but rather vacated the judgments and remanded the matter for further proceedings. Bernhard , 250 So.3d at 349.