STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-409 consolidated with 19-183

THE SUCCESSION OF ALLEN L. SMITH, JR.

VERSUS

KEITH ALAN PORTIE

**********

ON SUPERVISORY WRIT DIRECTED TO THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-4038
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Candyce G. Perret, Judges.

WRIT DISMISSED.

Kenneth Michael Wright
203 West Clarence Street
Lake Charles, LA 70601
Telephone: (337) 439-6930
COUNSEL FOR:
    Defendant/Appellant – Keith Alan Portie

Christopher E. John
City of Lake Charles Legal Department
P. O. Box 900
Lake Charles, LA 70602-0900
Telephone: (337) 491-1547
COUNSEL FOR:
    Defendant/Appellee – City of Lake Charles

**Timothy O'Dowd**
**Jared W. Shumaker**
**O'Dowd Law Firm LLC**
**924 Hodges Street**
**Lake Charles, LA 70601**
**Telephone:  (337) 310-2304**
**COUNSEL FOR:**
     **Plaintiff/Appellee – Shirley Smith**

**THIBODEAUX, Chief Judge.**

This case arises out of a dispute between two adjacent landowners regarding a five-foot strip of land which forms a border between the property owned by Plaintiff, Shirley Smith,[1] and the property owned by Defendant, Keith Alan Portie. The strip of land between the two properties was dedicated as a public drainage servitude and accepted by the City of Lake Charles via Resolution Number 366 on February 20, 1952. The strip of land, or five-foot drainage, remained bare land until August 21, 2015, when Mr. Portie purchased Lot 26 and placed drainage pipes, cement barriers, and truck loads of dirt on the strip of land. Ms. Smith alleges that Mr. Portie's actions violated subdivision restrictions, which prohibit certain improvements from being made on the five-foot strip of land. Ms. Smith also alleges that she has a right to the five-foot strip of land and Mr. Portie's actions resulted in drainage problems on her property, which damaged her property and interfered with her enjoyment of her property.

On December 11, 2018, the trial court granted Ms. Smith's motion for a preliminary injunction and ordered Mr. Portie to stop draining his property onto Ms. Smith's property, to stop interfering with Ms. Smith's drainage across the five-foot strip of land at issue, and to stop increasing the drainage burden on Ms. Smith's property. Mr. Portie appealed that judgment, and the appeal was lodged in this court on March 8, 2019, under this court's docket number CA 19-183.

Meanwhile, on November 30, 2018, Mr. Portie filed a motion for partial summary judgment. Although that motion for partial summary judgment does not

---

[1]When the original petition was filed, the plaintiff in this case was the Succession of Allen Smith, Jr.; however, Shirley Smith was subsequently substituted as the party plaintiff.

contain a prayer for relief, Mr. Portie apparently sought a partial summary judgment declaring that, because the City had not taken any action to maintain the servitude on the five-foot strip of land, the servitude had thus prescribed by nonuse. On February 5, 2019, the trial court signed a judgment denying Mr. Portie's motion, which was designated as final and appealable pursuant to La.Code Civ.P. art. 1915(B); the notice of this judgment was mailed on February 15, 2019. On February 6, 2019, Mr. Portie filed a motion to appeal the February 5, 2019 judgment, and the record for that appeal was lodged in this court on June 4, 2019, under appeal number CA 19-409. We converted that appeal to a writ in an opinion rendered on July 24, 2019.

## I.

## <u>ISSUES</u>

We must decide:

(1) whether the trial court erred in failing to grant the partial summary judgment that the five-foot alleged servitude for drainage reflected on the revised plat of Charles O. Noble Subdivision had lapsed by liberative prescription; and

(2) whether the trial court erred in finding the five-foot alleged servitude for drainage shown on the revised plat of Charles O. Noble Subdivision was "owned" by the City of Lake Charles by virtue of the dedication in the plat and the acceptance by the City of Lake Charles.

## II.

## <u>FACTS AND PROCEDURAL HISTORY</u>

Ms. Smith is the owner of Lot 27 of Charles O. Noble Subdivision of Lots 4 and 5 of W.W. Blackman Subdivision. Mr. Portie owns Lot 26 of Charles O.

Noble Subdivision. Two plats of the Charles O. Noble Subdivision were filed on December 26, 1951. The first plat was recorded in Plat Book 6, page 108, bearing Clerk's file number 516678, and the second was recorded in Plat Book 6, page 126, bearing Clerk's file number 522940. On February 20, 1952, the City of Lake Charles adopted a resolution affecting the five-foot strip of land. The dedication of the first plat states that the street in the subdivision of Lot 4 and 5 of the W.W. Blackman Subdivision of Lot Section 13, T10S – R 9W is dedicated to public use. The dedication of the second plat added the five-foot easement between Lots 26 and 27 for drainage.

Additionally, the City of Lake Charles accepted the subdivision through the resolution and declared that all streets and/or avenues shown on the plat were thereby declared public property. The resolution further provided that the City of Lake Charles accepted the five-foot drainage easement for public use. The resolution also stated that if any interested property owner desired to install, maintain or improve the drainage of said easement, it must be done with the consent and approval of the City Council.

Prior to Mr. Portie purchasing Lot 26 in the Charles O. Noble Subdivision, the five-foot strip of land between Lots 26 and 27 was vacant. The clear space allowed water to flow west, down a slope into Contraband Bayou from Lots 26 and 27 and from the remainder of the subdivision. After Mr. Portie purchased the lot, he began placing pipe, hauling cement barriers and truck loads of dirt onto the five-foot strip of land. Subsequently, the drainage between Lots 26 and 27 was obstructed.

As a result, Ms. Smith filed a petition on October 6, 2015, which sought among other relief, injunctive relief. The trial court initially granted a temporary

restraining order (TRO). At a hearing on December 21, 2015, the TRO was dissolved. Ms. Smith filed a motion for preliminary injunction which the trial court heard on June 25, 2018. Prior to the judgment being signed, there was an objection to its proposed wording and a request for reconsideration or a new trial on the preliminary injunction. The trial court reconsidered its ruling at a hearing October 29, 2018, then rendered written reasons for the judgment on December 11, 2018. On December 12, 2018, Mr. Portie filed a motion and order for suspensive appeal and the record for that appeal was lodged in this court on March 8, 2019, under this court's docket number CA 19-183.

Prior to the rendering of Judgment on Ms. Smith's preliminary injunction, on November 30, 2018, Mr. Portie filed a motion for partial summary judgment. The trial court heard the motion on February 4, 2019, and signed the judgment denying the partial summary judgment on February 5, 2019. In denying the summary judgment, the trial court found that the five-foot servitude for drainage was owned by the City of Lake Charles and had not lapsed by liberative prescription. Mr. Portie filed an order for devolutive appeal on February 6, 2019, alleging the trial court erred in failing to grant the partial summary judgment. The record of the appeal of the February 5, 2019 judgment was lodged in this court on June 4, 2019, under appeal number CA 19-409. The February 5, 2019 judgment is now under review.

III.

**STANDARD OF REVIEW**

An appellate court reviews summary judgments de novo, applying the same criteria that govern the trial court's determination of whether summary

judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991).

IV.

**LAW AND DISCUSSION**

On July 24, 2019, this court found that the trial court's denial of Mr. Portie's motion for partial summary judgment was interlocutory because it did not decide the merits of this case. *See* La.Code Civ.P. art. 1841. This court also found that the judgment was non-appealable pursuant to La.Code Civ.P. art. 968, which, in pertinent part, provides that "[a]n appeal does not lie from the court's refusal to render any judgment on the pleadings or summary judgment." In *Succession of Smith v. Portie*, 19-409 (La.App. 3 Cir. 7/24/19) (unpublished opinion), this court observed that, although the trial court did not have the authority to designate the judgment as final and appealable under La.Code Civ.P. art. 1915(B), the factual circumstances and legal issues raised in the appeal were so interrelated with previous appeal number CA 19-183, that the judgments at issue should be reviewed together. Therefore, in the interest of judicial economy and efficiency, this court converted appeal number CA 19-409 to a writ application to be considered in consolidation with appeal number CA 19-183.

Before addressing the merits of the February 5, 2019 judgment and the issues that Mr. Portie entreats us to review, we *sua sponte* focus on the trial court's jurisdiction as it pertains to the February 5, 2019 judgment. We find that we cannot reach the propriety of the February 5, 2019 judgment of the trial court denying Mr. Portie's motion for partial summary judgment.

In *Bernhard MMC, LLC v. Zeringue*, 18-30 (La.App. 5 Cir. 5/30/18), 250 So.3d 342, the court stated:

> Under La.Code Civ.P. art. 2088, "[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal." Thereafter, the trial court retains jurisdiction "only over those matters not reviewable under the appeal." *Id.* Louisiana Code of Civil Procedure Article 2088 lists the types of matters over which the trial court continues to have jurisdiction after an order of appeal . . . . Matters "not reviewable under the appeal," have generally been interpreted to give the trial court continuing jurisdiction over all issues that are unaffected by the appeal.

*Bernhard,* 250 So.3d at 347.

In this case, a suspensive appeal was taken on December 12, 2018, from the trial court's issuance of a preliminary injunction in favor of Ms. Smith in the December 11, 2018 judgment. At that point, the trial court no longer had jurisdiction over matters pertaining to the ownership of the five-foot strip of land.[2] Therefore, the trial court's February 5, 2019 judgment on Mr. Portie's motion for partial summary judgment rendered after Mr. Portie perfected his appeal is null and void. The trial court no longer had jurisdiction to consider Mr. Portie's motion. The trial court's ruling on Mr. Portie's motion for partial summary judgment did not occur until February 5, 2019, well after the trial court's jurisdiction was divested in December of 2018. Consequently, the December 11, 2018 judgment granting Ms. Smith a preliminary injunction is the only valid judgment currently in effect and the only judgment examinable on appeal.

---

[2]Indeed, the trial court signed a judgment on July 7, 2017, granting Ms. Smith's Motion for Partial Summary Judgment declaring the City of Lake Charles the owner of the five-foot drainage area between lots 26 and 27, the lots owned by Mr. Portie and Ms. Smith, respectively.

Therefore, in *Succession of Smith v. Portie*, 18-195 (La.App. 3 Cir. 4/11/18) (unpublished opinion), this court dismissed Mr. Portie's appeal lodged as appeal number 18-195. Appeal number 18-195 provided that Mr. Portie's suspensive appeal of Ms. Smith's partial summary judgment granted by the trial court be dismissed without prejudice. This court found that the trial court's judgment was not designated as final, and "the trial court retain[ed the] jurisdiction to revise the judgment 'at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.' La.Code Civ.P. art. 1915(B)(2)." *Id*. After finding that Mr. Portie's appeal had been taken from an interlocutory ruling, this court suggested that Mr. Portie await the complete adjudication of this suit before seeking appellate review of the trial court's judgment declaring the City of Lake Charles owner of the five-foot drainage area between Lots 26 and 27. Thus, the issue of ownership of the five-foot strip could have been addressed by Mr. Portie in the appeal of the December 11, 2018 judgment under Docket No. CA 19-183. Alternatively, Mr. Portie will have the opportunity to address that issue, if necessary, after the adjudication of the merits of the permanent injunction.

V.

## CONCLUSION

For the foregoing reasons, this court, on its own motion, dismisses this writ.

**WRIT DISMISSED.**

7