# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JUNE MEDICAL SERVICES, LLC D/B/A
HOPE MEDICAL GROUP FOR WOMEN,
KATHALEEN PITTMAN, MEDICAL STUDENTS
FOR CHOICE, ON BEHALF OF ITSELF AND
ITS MEMBERS, AND CLARISSA HOFF, M.D.

VERSUS

JEFF LANDRY, IN HIS OFFICIAL
CAPACITY AS ATTORNEY GENERAL OF
LOUISIANA, AND COURTNEY N. PHILLIPS,
IN HER OFFICIAL CAPACITY AS
SECRETARY OF THE LOUISIANA
DEPARTMENT OF HEALTH

NO.  2022 CW 1077

OCTOBER 5, 2022

---

In Re:   Louisiana Attorney General Jeff Landry and Secretary
         Courtney N. Phillips of the Louisiana Department of
         Health, applying for supervisory writs, 19th Judicial
         District Court, Parish of East Baton Rouge, No.
         720988.

---

BEFORE:   WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.

**STAY DENIED; WRIT GRANTED.** The district court's September 29, 2022 judgment which granted plaintiffs' motion to compel and set a scheduling order is vacated. This matter is currently on appeal from the grant of a preliminary injunction. La. Code Civ. P. art. 2088 provides that the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal, and thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, subject to certain exceptions inapplicable herein. Matters "not reviewable under the appeal," have generally been interpreted to give the trial court continuing jurisdiction over all issues that are unaffected by the appeal. **Succession of Smith v. Portie,** 2019-409 (La. App. 3d Cir. 12/30/19), 288 So.3d 187, 191; **Bernhard MCC, LLC v. Zeringue,** 2018-30 (La. App. 5th Cir. 5/30/18), 250 So.3d 342. The petition filed by plaintiffs seeks relief in the form of preliminary and permanent injunctions based on the same principles. We find that the matters reviewable under the appeal of the grant of the preliminary injunction encompass issues common to both the grant of the preliminary injunction and the request for a permanent injunction. Accordingly, we find that the district court erred in ruling that discovery and trial on these issues may proceed during the pendency of the appeal. The district court lacks jurisdiction to allow discovery and/or conduct a trial in this matter while the appeal remains pending.

VGW
JMG
EW

COURT OF APPEAL, FIRST CIRCUIT

_M·Sn()_____
    DEPUTY CLERK OF COURT
        FOR THE COURT